UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMAR JONES, | : Civil Action No.  13-2534 (PGS) |
| Plaintiff, | : |
| v. | : MEMORANDUM OPINION AND |
| | :                    ORDER |
| LYNEER STAFFING SOLUTIONS, L.L.C., et al., | : |
| Defendants. | : |

This matter comes before the Court on an informal application by Plaintiff Shamar Jones for a Protective Order.  See letter from Plaintiff's counsel dated March 6, 2014 [dkt. no. 21] ("Pltf. Ltr.").  Specifically, Plaintiff objects to the Subpoena Duces Tecum served by Defendant on his current and two (2) former employers.  Each of these Subpoenas require production of "the entire file regarding Shamar Jones maintained by [the employer]." Pltf. Ltr., Exhibit A.

Initially, Plaintiff maintains that the Subpoenas were served without the prior notice that is now required by FED. R. CIV. P. 45(a)(4).  Effective December 1, 2013, the Rule now states, " if the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be

served on each party."

Defendants acknowledge their failure to provide Plaintiff with notice and copies of these Subpoenas prior to service.  See letter from Defendants' counsel dated March 7, 2014 [dkt. no. 22] ("Deft. Ltr.").

Further, Plaintiff objects to Defendants' Subpoenas arguing they "are extremely broad and seek the production of completely irrelevant documents.  The subpoenas also have the effect of harassing, intimidating and intruding on Plaintiff's current employment relationship."  Pltf. Ltr. at page 2.

Plaintiff maintains that good cause exists for the entry of a Protective Order.  In his Complaint, Plaintiff alleges that his employment with Defendants was terminated based on his race and his complaints of racial discrimination.  Other than information related to his post-termination mitigation efforts and compensation level, Plaintiff asserts, the information sought has no bearing on the issues in this case.  *Id.* at pg. 4.

To the contrary, Defendants maintain that the documents sought are relevant and discoverable including "any disclosures plaintiff may have made on his application for employment related to his criminal history ... complaints raised by plaintiff to Human Resources ... [and] information regarding plaintiff's mitigation of damages."  Deft. Ltr. at pg. 2.  Defendants also contend that the existence of a Discovery Confidentiality Order will minimize any intrusion into plaintiff's privacy interests.  *Id.*

While the permissible scope of discovery is broad, it is not limitless.  When a party exceeds the legitimate boundaries of relevant inquiry, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense." FED. R. CIV. P. 26(a).

In this instance, the Subpoenas served by Defendants seek to compel Plaintiff's current and former employers to produce "ANY AND ALL records" related to their employment of Plaintiff. Pltf. Ltr., Exhibit A (emphasis original). Quite simply, such requests are overly broad in almost every instance. Here particularly, Defendants have offered no justifiable explanation for such sweeping requests. Plaintiff, on the other hand, has a legitimate interest in protecting information and records that are in the possession of his previous or current employers.

For the reasons stated, Plaintiff's application for the entry of a Protective Order is granted. Defendants are directed to withdraw the Subpoenas served on Plaintiff's current and former employers. With respect to Defendants' interest in Plaintiff's efforts to mitigate hi damages, Defendants may serve appropriate supplemental discovery requests on Plaintiff to obtain this information including requests for production of paystubs, payroll information, tax returns and the like. Any such requests must be served within ten (10) days of the entry of this Order.

DATED: March 11, 2014

SO ORDERED,

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge